IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HANDI QUILTER, INC., a Delaware corporation,<br><br>   Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>GRACEWOOD MANAGEMENT, INC., a Utah corporation,<br><br>   Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br>Case No. 2:16-CV-1101 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff/Counterclaim Defendant Handi Quilter, Inc.'s Motion for Judgment on the Pleadings as to Defendant's Claim for Pre-Issuance Damages. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

On October 26, 2016, Plaintiff filed its Complaint seeking declaratory judgment that its products do not infringe Defendant's patent (the "'151 patent"). In its Amended Complaint, Plaintiff added a cause of action for invalidity. Defendant filed an Answer and Counterclaim against Plaintiff. In its Counterclaim, Defendant asserts a cause of action for pre-issuance damages under 35 U.S.C. § 154(d). Plaintiff seeks dismissal of Defendant's claim for pre-issuance damages.

II.  MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD

Plaintiff seeks judgment on the pleadings under Rule 12(c). The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[1]

---

[1] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n. 2 (10th Cir. 2002).

1

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Defendant as the nonmoving party.[2]  Defendant must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[4]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[7]

---

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[8] and "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[9]  The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[10]

### III.  DISCUSSION

35 U.S.C. § 154(d) states:

(1) In addition to other rights provided by this section, a patent shall include the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application for such patent . . .
(A)(i) makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application or imports such an invention into the United States; or
(ii) if the invention as claimed in the published patent application is a process, uses, offers for sale, or sells in the United States or imports into the United States products made by that process as claimed in the published patent application; and
(B) had actual notice of the published patent application . . . .
(2) The right under paragraph (1) to obtain a reasonable royalty shall not be available under this subsection unless the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application.

To recover damages under this provision, Defendant must prove two things: actual notice of the published application and substantial identity.  Plaintiff argues that Defendant's Counterclaim is deficient in both respects.

As to the "actual notice" requirement, Plaintiff argues that the Counterclaim fails for two reasons.  First, Plaintiff argues that the Counterclaim fails to mention the published application,

---

[8] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[9] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[10] *Jacobsen*, 287 F.3d at 941.

but instead refers to the existence of the underlying application. However, as Defendant explains, the claims of the underlying application were unchanged at publication. "Thus, reference in the Counterclaims to the claims or the invention in the . . . Application is equivalent to the claims appearing in the . . . Publication."[11] Based upon this explanation, the Court finds no basis for dismissal. Of course, to recover pre-issuance damages, Defendant will have to prove that Plaintiff had actual notice of the published application, not just the underlying application.

Plaintiff next argues that Defendant has failed to plead sufficient facts to demonstrate actual notice. The Court disagrees. "Actual notice is a question of fact for the jury."[12] In its Counterclaim, Defendant alleges, on information and belief, that Plaintiff received actual notice of the application.[13] While brief, this Court has held that similar allegations are sufficient to withstand a motion to dismiss.[14]

In *K-Tec, Inc. v. Vita-Mix Corp.*, the Court held that a prayer for relief requesting "such other and further relief as the Court may deem just and proper" was sufficient to meet the pleading requirements for a claim for provisional damages.[15] In *Won-Door Corp. v. Cornell Iron Works, Inc.*, the Court found that a similar prayer for relief, along with a separate claim for

---

[11] Docket No. 34, at 2.

[12] *K-Tec, Inc. v. Vita-Mix Corp.*, No. 2:06-CV-108-TC, 2010 WL 2079682, at *7 (D. Utah May 24, 2010).

[13] Docket No. 24 ¶ 20.

[14] *K-Tec, Inc.*, 2010 WL 2079682, at *8; *Won-Door Corp. v. Cornell Iron Works, Inc.*, No. 2:13-CV-331-TS, 2014 WL 119320, at *3–4 (D. Utah Jan. 13, 2014).

[15] *K-Tec, Inc.*, 2010 WL 2079682, at *8.

but instead refers to the existence of the underlying application. However, as Defendant explains, the claims of the underlying application were unchanged at publication. "Thus, reference in the Counterclaims to the claims or the invention in the . . . Application is equivalent to the claims appearing in the . . . Publication."[11] Based upon this explanation, the Court finds no basis for dismissal. Of course, to recover pre-issuance damages, Defendant will have to prove that Plaintiff had actual notice of the published application, not just the underlying application.

Plaintiff next argues that Defendant has failed to plead sufficient facts to demonstrate actual notice. The Court disagrees. "Actual notice is a question of fact for the jury."[12] In its Counterclaim, Defendant alleges, on information and belief, that Plaintiff received actual notice of the application.[13] While brief, this Court has held that similar allegations are sufficient to withstand a motion to dismiss.[14]

In *K-Tec, Inc. v. Vita-Mix Corp.*, the Court held that a prayer for relief requesting "such other and further relief as the Court may deem just and proper" was sufficient to meet the pleading requirements for a claim for provisional damages.[15] In *Won-Door Corp. v. Cornell Iron Works, Inc.*, the Court found that a similar prayer for relief, along with a separate claim for

---

[11] Docket No. 34, at 2.

[12] *K-Tec, Inc. v. Vita-Mix Corp.*, No. 2:06-CV-108-TC, 2010 WL 2079682, at *7 (D. Utah May 24, 2010).

[13] Docket No. 24 ¶ 20.

[14] *K-Tec, Inc.*, 2010 WL 2079682, at *8; *Won-Door Corp. v. Cornell Iron Works, Inc.*, No. 2:13-CV-331-TS, 2014 WL 119320, at *3–4 (D. Utah Jan. 13, 2014).

[15] *K-Tec, Inc.*, 2010 WL 2079682, at *8.

relief for provisional rights and additional factual allegations, was sufficient to state a claim for pre-issuance damages.[16]

Here, Defendant alleges that Plaintiff had actual notice of the application, that the application included claims substantially identical to the claims of the '151 Patent, and that Plaintiff continued to make, offer for sale, and sell allegedly infringing products despite receiving the notice. Defendant alleges that it is entitled to pre-issuance damages and its prayer for relief includes a request for pre-issuance damages under § 154(d) along with any "further relief as the Court deems just and proper."[17] These allegations are similar to those at issue in *Won-Door* and Defendant's claim for pre-issuance damages is sufficiently pleaded for substantially the same reasons set out in that case.

Plaintiff's final argument is that Defendant has not and cannot adequately allege that the claims in the patent are substantially identical to the claims in the published application. Defendant alleges that "[t]he Application included claims substantially identical to the claims of the issued '151 Patent."[18] Certainly, Defendant could have provided more factual support to bolster this allegation. However, the Court concludes that it provides Plaintiff sufficient notice as to what Defendant claims. Further, whether the claims are substantially identical is an issue better left for another day.[19]

---

[16] *Won-Door Corp.*, 2014 WL 119320, at *3–4.

[17] Docket No. 24, at 12.

[18] *Id.* ¶ 21. As above, Defendant will have to prove that the claims in the patent are substantially identical to the published application.

[19] *See Won-Door Corp.*, 2014 WL 119320, at *2–3 (declining to determine whether claims were substantially identical at motion to dismiss stage).

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Judgment on the Pleadings as to Defendant's Claim for Pre-Issuance Damages (Docket No. 28) is DENIED.

DATED this 7th day of March, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge